887 So.2d 430 (2004)
VOLUSIA CITIZENS' ALLIANCE, etc., Appellant,
v.
VOLUSIA HOME BUILDERS ASSOCIATION, INC., et al., Appellee.
No. 5D04-3231.
District Court of Appeal of Florida, Fifth District.
November 18, 2004.
Lesley Blackner of Blackner, Stone Assoc., Palm Beach, for Appellant.
C. Allen Watts of Cobb Cole, DeLand, for Appellee.
TORPY, J.
The issue here is whether a proposed amendment to the Volusia County Charter comports with section 101.161(1), Florida Statutes (2004). Among the requirements of that section is that the amendment's proponent provide an unambiguous, explanatory summary of the substance of the proposal for inclusion on the ballot. The lower court ruled that the proposal at issue here violates the statute. We agree and affirm.
The summary and full text of the proposed amendment state:
BALLOT TITLE:
AN AMENDMENT TO ADOPT AN URBAN GROWTH BOUNDARY AND INCORPORATE WITHIN THE COUNTY'S COMPREHENSIVE PLAN.
BALLOT SUMMARY:
The establishment, implementation and enforcement of a[sic] Urban Growth Boundary (UGB) benefits Volusia County's natural resources, scenic beauty, orderly development and the welfare of its citizens. The UGB shall be incorporated into a Future Land Use Map and comprehensive plan amendment, which shall include methods of implementation, enforcement, and review in accordance with general law. The UGB shall apply *431 to all the incorporated and unincorporated areas of Volusia County. Provides definition.

FULL TEXT OF PROPOSED AMENDMENT: Article II, Powers And Duties Of the County of Volusia shall be amended to add the following as Section 202.5:
SECTION 202.5: Urban Growth Boundaries.
The council, after preparation by its local planning agency, notice and public hearings, shall promptly establish an Urban Growth Boundary (UGB) on the Future Land Use Map as part of the Future Land Use Element of the Volusia County comprehensive plan, which shall be subject to review under 163.3191 Florida Statutes, in accordance with general law. The UGB shall apply to and be enforced in all incorporated and unincorporated areas of the County. The council shall implement the UGB through local planning agreements with all municipalities within Volusia County. The UGB shall be a primary method of accomplishing County goals and policies concerning compact urban growth, the economical and efficient provision of public services, and the protection of environmental resources from destruction, and any other such standards as the council determines to be necessary for the protection of the public health, safety, and welfare of the citizens throughout Volusia County. If any part of this section is declared to be invalid, the remainder of the section shall be considered as separate and severable and shall remain in full force and effect. This amendment shall take effect immediately upon approval by voters, and filing of a copy of the revised Volusia County Charter, incorporating said amendment, with the Florida Department of State. For purposes of this Section, UGB means an area designated for future urban growth and public services, and for possible future municipal incorporation.
Section 101.161(1) requires that the ballot summary not exceed 75 words and "state in clear and unambiguous language the chief purpose of the measure." Askew v. Firestone, 421 So.2d 151, 154-55 (Fla.1982). The purpose of this requirement is to provide voters with fair notice of the contents of the proposed initiative so that voters will not be misled as to its purpose. Advisory Op. to Att'y Gen. re Pub. Prot. from Repeated Med. Malpractice, 880 So.2d 667, 671 (Fla.2004). It is neither necessary nor practicable, however, that the summary explain every detail or ramification of the proposed amendment. Id.
Here, the ballot summary does not comply with the statute. The first sentence of the ballot summary is not descriptive of the contents of the amendment and amounts to mere "political rhetoric," the inclusion of which violates section 101.161(1). Advisory Op. to Att'y Gen. re Additional Homestead Tax Exemption, 880 So.2d 646, 653 (Fla.2004); In re Advisory Op. to Att'y Gen.  Save Our Everglades, 636 So.2d 1336, 1341-42 (Fla.1994). As stated by our high court:
[T]he ballot summary is no place for subjective evaluation of special impact. The ballot summary should tell the voter the legal effect of the amendment and no more. The political motivation behind a given change must be propounded outside the voting booth.
Evans v. Firestone, 457 So.2d 1351, 1355 (Fla.1984).
As to the remainder of the summary, although descriptive of parts of the amendment, it excludes material elements of the amendment and, thus, does not give fair notice of the content of the amendment. Advisory Op. to Att'y Gen. re Term Limits *432 Pledge, 718 So.2d 798, 803 (Fla.1998). For example, the summary makes no mention of the fact that it is the function of the council, after public hearings, to draw the boundary and that its implementation in municipalities shall be done through local planning agreements. Voters should have been informed in the ballot summary that their decision to "establish, implement and enforce" an Urban Growth Boundary would not be self-executing, but instead would be subject to the political processes of local governments.
Having held that the ballot summary does not comport with the dictates of the statute, we find it unnecessary to address the other issues raised by the parties in this expedited appeal.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.